The Honorable Thomas F. Butt, Chairman Arkansas Judicial Discipline and Disability Commission P.O. Drawer 135 Fayetteville, Arkansas 72702
Dear Judge Butt:
This is in response to your request for an opinion on whether the alternate members of the Judicial Discipline and Disability Commission are entitled to receive a per diem and mileage reimbursement for attending meetings of the Commission where their attendance is not required as a result of a call by the Commission for them to serve in the place of regular members.
It is my opinion that such payments are not appropriate in that instance.
Amendment 66 to the Arkansas Constitution creates the Commission and provides for the appointment of alternate members. In addition, Act 637 of 1989 provides as follows:
 (2)(d) Commission members shall serve without pay, but shall be entitled to maximum per diem expenses as authorized by the General Assembly for each day attending meetings of the Commission or in attending to official business as authorized by the Commission, and, in addition thereto, shall be entitled to mileage for official travel in attending Commission meetings or other official business of the Commission, at the rate provided by law or state travel regulations for reimbursement to state employees for official state travel.
Act 637 of 1989, in Section 9, authorizes the Supreme Court to adopt rules and regulations regarding Commission operations. Rule 1(E) of those rules (Per Curiam order of the Supreme Court, May 8, 1989) provides as follows:
 . . . An alternate member shall serve in the place of the member of the same category whenever such member is disqualified or unable to serve and upon the call of the chairman. An alternate member who is present at a Commission meeting but who has not been called to serve may neither be included in a quorum court nor vote on any matter being considered at such meeting. Whenever an alternate member is called to serve in the place of a member of the commission, an announcement with respect thereto shall be made at the commencement of the meeting.
Additionally, Rule 3 provides as follows:
 A. Compensation Proscribed. The Commission members shall serve without compensation for their services.
 B. Expenses Allowed. The Commission members shall be reimbursed for expenses necessarily incurred in the performance of their duties.
 C. Authorization for Payments. Expenses of the Commission as provided in section 2.(d) of Act 637 of 1989, shall be authorized to be paid in accordance with the approved Commission budget. Neither Amendment 66 to the Arkansas Constitution nor Act 637 of 1989 specifically addresses the issue of expense allowance for alternate members. Act 637 merely states that Commission "members" are entitled to per diems and mileage. It is unclear whether this term refers to "alternate" members as well as regular members. We do know, however that an alternate member's presence at a meeting is not required unless the regular member is unable to attend. Such a member cannot vote or be counted in a quorum at the meeting. The alternate member's presence is thus not "necessary" at the meeting.
It is my opinion that the intent of the legislature in authorizing these expense allowances was to permit reimbursement for expenses necessarily incurred. See also Rule 3(8). Toward this end, the nine members of the Commission whose presence is necessary at Commission meetings are entitled to a per diem and mileage reimbursement. It would be anomalous, in my opinion, to also allow per diem and mileage reimbursement to nine alternate members of the Commission whose presence is not necessary or effective in conducting the business of a particular meeting. Accordingly, it is my opinion that the alternate members are not entitled to reimbursement on these occasions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.